UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THEODORE HEINEMANN,

                Plaintiff,

v.

VAN BUREN STATES ATTORNEY et al.,

                Defendants.

_____/

Case No. 1:18-cv-569

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a former jail inmate under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.      **Factual allegations**

Plaintiff is a former inmate at the Van Buren County Jail (VBCJ). The events about which Plaintiff complains occurred at the jail. Plaintiff sues the following Defendants: the "Van

Buren States Attorney" (presumably, the Van Buren County Prosecutor); VBCJ; Van Buren County Mental Health; Doctor Larry Wile; and Attorney Teresa Cypher.

Plaintiff alleges that, from March 21 to August 22, 2013, he was an inmate at the VBCJ. While there, Defendant Wile prescribed Plaintiff Neurontin, apparently to treat a mental health issue. Plaintiff alleges that he underwent two open heart surgeries in the 1970s. He therefore contends that Neurontin was contraindicated and that, as a result of taking the drug for six months, he developed a weak heart valve. In 2014, a few months after his release from the VBCJ, Plaintiff underwent valve-replacement surgery.

Plaintiff contends that Defendants VBCJ, Van Buren County Mental Health, and Doctor Wile tried to kill Plaintiff and then covered up the problem. Plaintiff also alleges that his placement in the jail resulted from his mother's misrepresentations about Plaintiff's mental health. Plaintiff alleges that the Van Buren County Probate Court ordered him to take the medications, as a result of a probate proceeding initiated by Plaintiff's mother, who was represented by Defendant Cypher.

Plaintiff does not indicate the form of relief he seeks, but, at a minimum, he seeks release of information about his own treatment and that of others similarly situated.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam).

Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims arising, at the latest, in early 2014, when he underwent valve-replacement surgery. Plaintiff had reason to know of the "harms" done to him shortly after he took the Neurontin, when he developed the heart-valve weakness. Hence, his claims accrued in late 2013 or early 2014. However, Plaintiff did not file his complaint until May 2018, well past Michigan's three-year period of limitations. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

As the Supreme Court has recognized, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Because Plaintiff's complaint is time-barred on its face, the Court will dismiss the action for failure to state a claim.

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Van Buren States Attorney, Van Buren County Jail, Van Buren County Mental Health, Doctor Larry Wile, and Attorney Teresa Cypher will be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  June 14, 2018                          /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge